No. 702

HEIDT et v. HART et

Superior Court of Cincinnati

No. 59219. Decided June 25, 1925

997. REAL ESTATE—Where sole consideration for purchase of, is payment by purchaser, of mortgage thereupon which he paid and cancelled, said purchaser not entitled to have mortgage revived, or to be subrogated to rights of original mortgagee, which are thereupon extinguished.

719. LIENS—Under circumstances judgment creditor has prior lien since mortgage is no longer on lien on property.

MARX, J.

In 1916 John Hart bought a home for which he paid $100 down and gave a mortgage to the Southern Ohio Loan & Trust Co. for the balance of the purchase price, which amounted to $1400, and which he attempted to pay off at the rate of five dollars per week.

Payments were kept up until Hart bought a second hand Ford in 1923. On Sept 10, 1924 Hart struck one, Erwin Heidt with his machine causing him serious injuries. Damages were affixed by the jury at $2500 and $200 awarded to Heidt's father for loss of his son's services. Hart carried no liability insurance.

On Jan. 2, 1925 Hart transferred his home to Elsworth Hawkins upon the payment by Hawkins, pursuant to his agreement, of the balance due on the mortgage to the Southern Ohio Loan & Trust Co. amounting to $1190.39 and taxes amounting to $15.17. His only reason for making the transfer was a claimed inability to pay the interest due on the mortgage which amounted to something like $50, and the uselessness of selling the property due to the judgment liens of the Heidts which had attached thereto Dec. 13, 1924, under 11656 GC.

The Heidts brought their action in the Cincinnati Superior Court for foreclosure and sale under the judgment lien, and a determination of priorities against Hart and Hawkins. At

## SUPERIOR COURT—Continued.

the hearing of the proceedings in aid of execution, Hart disclaimed any interest in ·the property, and subsequently filed a voluntary petition in bankruptcy. Hawkins claimed to be subrogated to the rights ·of the Loan Co. as mortgagee, by reason· of having paid off the mortgage. The Court held:

· 1. The entire transaction surrounding the transfer ·of the property to Hawkins smacks of a collusive attempt to prevent Heidt from collecting damages awarded to him by verdict of the· jury and judgment of the Court.

2. There is no· doubt that at the time Hawkins purchased the property from Hart, it was subject to the judgment liens and subject to a prior mortgage of the Loan Co.·

3. There is no evidence that the mortgage was cancelled by the Loan Co. without Hawkins' knowledge; in fact there is evidence to show that he paid the cancellation fee for the mortgage.

4. Under these circumstances it is well settled that the purchaser who as the sole consideration for a purchase agrees to pay and does pay and discharge an existing mortgage which is thereupon cancelled is not entitled to have said mortgage revived or to be subrogated to the rights of the mortgagee which are thereupon extinguished.

5. The mortgage having been extinguished and cancelled of record is no longer a lien upon the' property, and the first and best lien, excepting taxes, is the judgment of the Heidts.

**Attorneys**—Jacobs S. Hermann for Heidt; Wm. W. Hester for Hart et; both of Cincinnati.